J-S11011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRANDON SPAULDING, | |
| Appellant | No. 622 WDA 2016 |

Appeal from the PCRA Orders of February 29, 2016
and March 1, 2016 In the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0000834-2011
and CP-43-CR-0000835-2011

BEFORE:  OLSON and RANSOM, JJ., and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                              **FILED APRIL 18, 2017**

Appellant, Brandon Spaulding, appeals from the orders entered on February 29, 2016 and March 1, 2016, dismissing identical petitions pursuant to the Post Conviction Relief Act[1] (PCRA) that were decided before two different judges in Mercer County at docket numbers 834 of 2011 (docket # 834) and 835 of 2011 (docket # 835), respectively.  Appointed PCRA counsel, who represented Appellant in both PCRA matters, filed with this Court a petition to withdraw from further representation and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

*Former Justice specially assigned to the Superior Court.

Upon review, we grant counsel's petition to withdraw and affirm the dismissal of Appellant's PCRA petitions.

We briefly summarize the facts and procedural history of this case as follows. At docket # 834, Appellant pled guilty to one count of indecent assault, 18 Pa.C.S.A. § 3126(a)(7). On November 2, 2012, Judge Robert G. Yeatts sentenced Appellant to 30 to 94 months of incarceration. In a memorandum decision filed on August 2, 2013, this Court denied Appellant permission to appeal the discretionary aspects of sentencing. *See* ***Commonwealth v. Spaulding***, 83 A.3d 1056 (Pa. Super. 2013) (unpublished memorandum). Appellant did not appeal that determination.

At docket # 835, Appellant pled guilty to one count of aggravated indecent assault, 18 Pa.C.S.A. § 3125(a)(7). On June 28, 2013, President Judge Thomas R. Dobson sentenced Appellant to three-and-one-half to seven years of imprisonment, consecutive to any sentence Appellant had already received. Appellant did not appeal that decision.

On January 11, 2016, Appellant filed a single *pro se* PCRA petition captioned with both docket numbers. Appellant alleged that trial counsel who represented Appellant in both criminal matters, Stephen Gerard Delpero, Esquire, provided ineffective assistance of counsel for advising Appellant that the sentence entered at docket # 835 would be imposed concurrently to the sentence imposed at docket # 834. Jarrett K. Whalen,

Esquire was appointed to represent Appellant on his PCRA petitions at both docket numbers.[2] At docket # 835, President Judge Dobson dismissed Appellant's PCRA petition as untimely by order entered on February 29, 2016. At docket # 834, Judge Yeatts dismissed Appellant's PCRA petition as untimely by order entered on March 1, 2016. This single appeal resulted.[3]

Initially, we must address the fact that Appellant filed a single appeal from two orders entered by different judges at different docket numbers. This Court recently determined:

> "Where [ ] one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed." Note to Pa.R.A.P. 341, *citing* **Commonwealth v. C.M.K.**, 932 A.2d 111, 113 n.3 (Pa. Super. 2007). In **C.M.K.**, this Court quashed a single appeal from two judgments of sentence imposed on codefendants who were convicted and sentenced individually on different charges. **C.M.K.**, 932 A.2d at 112. We noted that the filing of the joint appeal in that instance was unworkable because the appeals required individualized arguments, separate appellate analyses of the

---

[2]  We note that the PCRA court judges were the same trial court judges.

[3]  Although still represented by counsel, Appellant filed a timely single *pro se* notice of appeal to both orders using both docket # 834 and docket # 835 in the caption. "Because a notice of appeal protects a constitutional right, […] this Court is required to docket a *pro se* notice of appeal despite being represented by counsel[.]" **Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016). Each PCRA judge ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely at each docket number. At docket # 834, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 17, 2016. At docket # 835, the PCRA court issued a Rule 1925(a) opinion on June 1, 2016.

> evidence, and distinct examination of the different sentences imposed. ***Id.***
>
> \*     \*     \*
>
> While our Supreme Court recognized that the practice of appealing multiple orders in a single appeal is discouraged under Pa.R.A.P. 512 (joint appeals), it previously determined that "appellate courts have not generally quashed [such] appeals, provided that the issues involved are nearly identical, no objection to the appeal has been raised, and the period for appeal has expired." ***K.H. v. J.R***., 826 A.2d 863, 870 (Pa. 2003) (citation omitted).

***In the Interest of: P.S.***, 2017 WL 1034459 (Pa. Super. 2017) (footnote omitted).

We are convinced that the approach referred to in ***K.H.*** is best suited to the circumstances before us. Here, Appellant presents closely interrelated issues concerning trial counsel's alleged ineffectiveness in representing Appellant at sentencing in both cases. He filed identical PCRA petitions at both docket # 834 and docket # 835. The Commonwealth has not objected to the procedural misstep of filing a single notice of appeal and the period to appeal the denial of Appellant's PCRA petitions has expired. Hence, we decline to quash either appeal because Appellant filed a single appeal from the two orders at issue.

Next, before we proceed to review the merits of Appellant's claims, we must determine whether counsel has satisfied certain procedural requirements to withdraw representation:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under ***Turner****, supra* and ***Finley****, supra* and ... must review the case zealously. ***Turner/Finley***

- 4 -

counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

Where counsel submits a petition and no-merit letter that ... satisfy the technical demands of ***Turner/Finley***, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted).

After reviewing the record and counsel's petition to withdraw, we conclude that PCRA counsel has complied with the requirements of ***Turner/Finley***. PCRA counsel detailed his review, listed the issue presented in the PCRA petitions, and explained why the claim was frivolous in light of its untimeliness. Moreover, PCRA counsel indicated that after his own independent review of the record, he could not identify any meritorious issues that he could raise on Appellant's behalf to plead and prove that one of the PCRA timeliness exceptions applied. Counsel also attached proof that he sent Appellant the petition to withdraw along with the no-merit letter and instructed him that he had the right to retain counsel or proceed *pro se*. As counsel complied with the ***Turner/Finley*** requirements to withdraw his

representation, we must now determine whether the PCRA courts correctly dismissed Appellant's PCRA petitions as untimely.

We have previously determined:

> It is well-established that the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed. Generally, a PCRA petition must be filed within one year of the date the judgment of sentence becomes final unless the petitioner meets his burden to plead and prove one of the exceptions enumerated in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right. However, the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented.

*Walters*, 135 A.3d at 591–592 (internal citations and quotations omitted).

Here, Appellant's current ineffective assistance of counsel claim could not have arisen until the trial court sentenced Appellant at docket # 835, because that was when Appellant would have first realized he was not sentenced concurrently to docket # 834, as he was allegedly promised. Thus, we look at the finality of Appellant's judgment of sentence at docket # 835. As previously discussed, President Judge Thomas R. Dobson imposed sentence at docket # 835 on June 28, 2013. Because Appellant did not appeal that determination, his judgment of sentence became final 30 days later when the time for taking an appeal with this Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3) (A judgment is deemed final "at the conclusion of

direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review."); **see also** Pa.R.A.P. 903(a) ("the notice of appeal [] shall be filed within 30 days after the entry of the order from which the appeal is taken."). Thus, Appellant's judgment of sentence became final on Monday, July 29, 2013.[4] **See** 1 Pa.C.S.A. § 1908 ("Whenever the last day of [a statutory] period shall fall on [] Sunday, [it] shall be omitted from the computation."). Thus, Appellant's PCRA petitions filed on January 11, 2016 were patently untimely. None of the abovementioned exceptions are applicable. Instead, Appellant claims ineffective assistance of counsel. However, this Court has stated previously that a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits. **Commonwealth v. Ward-Green**, 141 A.3d 527, 535 (Pa. Super. 2016). As such, the PCRA courts lacked jurisdiction to entertain Appellant's sentencing claim and such a challenge is devoid of merit. Additionally, we have conducted an independent review of the entire record

---

[4]  Likewise, Appellant's PCRA petition filed at docket # 834 was also filed outside the PCRA's one-year jurisdictional time-bar. In that matter, this Court denied Appellant permission to appeal the discretionary aspects of sentencing on August 2, 2013. Appellant had 30 days to appeal our decision to the Pennsylvania Supreme Court, but did not. **See** Pa.R.A.P. 1113(a) ("a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court [] sought to be reviewed"). Thus, Appellant's judgment of sentence at docket # 834 became final on September 2, 2013. Appellant's PCRA petition filed on January 11, 2016 was also patently untimely.

as required by **Turner**/**Finley** and have not discerned any other potentially meritorious issues.

Orders affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/2017